# HAMRA LAW GROUP, PC.

1 Linden Place, Suite 207, Great Neck, NY 11021
Web: Www.Hamralawgroup.Com

Kevin S. Johnson, Esq.                                                                T: 646.590.0571
KJohnson@hamralawgroup.com                                                            F: 646.619.4012

October 6, 2022

**VIA ECF**
Hon. Magistrate Judge Sanket J. Bulsara
United States District Court – EDNY
225 Cadman Plaza East
Courtroom 324N
Brooklyn, NY 11201

           RE:        **Na He Li v. Moon Mode Design Fashion, Inc.**
                             **Case No. 1:22-cv-00793-HG-SJB**

## THIRD MOTION FOR EXTENSION OF TIME TO FILE ANSWER
## w/ ENRON ANALYSIS

To Your Honor:

      This office represents Defendants in the above action. This letter motion is in response to the Court's order of September 22, 2022 order to give analysis under Enron as to why Defendants should be permitted to file a late answer. At the outset, counsel must apologize to the Court, as the failure to file the Answer as per the Court's order and the Parties stipulation lay squarely at the feet of counsel. This office, currently I and two other attorneys, have had difficulties maintaining the appropriate level of support staff and our calendar clerk and assistant did not enter the stipulated date into the calendar at the filing of the stipulation nor when the Court so-ordered. This office takes the Court's order with the due seriousness and gravity and will act in all respects in a timely manner going forward.

      As the Court is aware, the Second Circuit has routinely stated and reenforced a judicial preference for resolving an action on the merits and has thus "circumscribed [the] scope" of the discretion for the entry of default judgments. Enron Oil Corp v. Diakuhura, 10 F.3d 90 (2d Cir. 1993), citing, Traguth v. Zuck, 710 F.2d 90 (2d Cir. 1982).

      At the outset, the current delay in filing the answer is evidence of and support for a finding that Defendants were not willful where the failure to file was one of law office failure, as here. See, American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.2d 57 (2d Cir. 1996). No bad faith can be found in this instance. Willfulness is the factor that "carries the most weight." De Curtis v. Ferrandina, 529 App'x 85, 86 (2d Cir. 2013).

      As to the other factor under Enron, Plaintiffs cannot claim any prejudice or such claims would be without merit if asserted. Plaintiffs did consent to the filing of a late answer, by the above



# HAMRA LAW GROUP, PC.

1 Linden Place, Suite 207, Great Neck, NY 11021
Web: Www.Hamralawgroup.Com

Kevin S. Johnson, Esq.                                                                                                   T: 646.590.0571
KJohnson@hamralawgroup.com                                                                                  F: 646.619.4012

reference stipulation so ordered by the Court. If the Plaintiffs stipulated to May 13, 2022, the short delay here present should not be deemed prejudicial. "A party is prejudiced when its 'ability to proceed [with its] case is impaired.'" American Empire Surplus Lines Insurance Company v. Concord Restoration, Inc., 2021 WL 7830142 (EDNY July 28, 2021) (internal citations omitted). Furthermore, counsel for Plaintiffs were in contact with Defendants in order to gain their consent for Plaintiff's to extend the time to serve certain parties in this action (Dkt. 25 & Court's Order 9/11/22).

As these factors are to be balanced and not applied in isolation, Defendants and counsel request time to further brief the issue and file their Answer. Info. Sys. and Networks Corp. v. United States, 994 F.2d 792, 796 (Fed. Cir. 1993). As seen above, Defendants are likely to making the requisite showings and may likely created doubt as to whether the default should be granted, warranting its denial. Enron Oil, F.3d at 96; State St. Bank & Trust Co. v. Inversiones Errazuriz Ltd., 374 F.3d 158, 168 (2d Cir. 2004).

It is respectfully requested that the Court grant Defendants to immediately file an Answer in this action.

Defendants and counsel thank the Court for its time and consideration in this matter.


Respectfully submitted,

*Kevin S. Johnson*

Kevin S. Johnson, Esq.