UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NAI HE LI,                                                                                    Case No. 1:22-cv-00793-HG-SJB

                                  Plaintiff,                                  **ANSWER**

      -against-

MOON MODE DESIGN FASHION, INC., CHIU
PIN LOW, JOHN DOE, and JANE DOE,

                                 Defendants.
-----------------------------------------------------------------X

       Defendants, MOON MODE DESIGN FASHION, INC. and CHIU PIN LOW, by and through their attorneys, HAMRA LAW GROUP, P.C., and the undersigned, as and for their Answer to the Complaint of Plaintiff, do allege the following:

## NATURE OF THE ACTION

1.     Defendants admit the allegations contained in paragraph 1 of the Complaint in so much as Plaintiffs plead as such.

2.     Defendants admit the allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9, and 10 of the Complaint.

## JURISDICTION AND VENUE

3.     Defendants admit the allegations contained in paragraphs 11, 12, and 13 of the Complaint, insomuch as the Plaintiffs plead as such.

4.     Defendants deny the allegations contained in paragraphs 14, 15, 16, and 17 of the Complaint.

## PARTIES

### Plaintiff

5. Defendants deny knowledge and information sufficient to form a belief as the allegations contained in paragraphs 18 and 19 of the Complaint.

6. Defendants admits the allegations contained in paragraph 20 of the Complaint.

7. Defendants deny the allegations contained in paragraph 21 of the Complaint.

8. Defendants admit the allegations contained in paragraph 22 of the Complaint, while specifically denying that Plaintiff is covered individually or under the enterprise standard.

9. Defendants deny the allegations contained in paragraph 23 of the Complaint.

### Defendants

10. Defendants admit the allegations contained in paragraph 24 of the Complaint.

11. Defendants deny the allegations contained in paragraphs 25, 26, and 27 of the Complaint.

12. Defendants admit the allegations contained in paragraph 28 of the Complaint.

13. Defendants deny the allegation contained in paragraph 29 of the Complaint.

### STATEMENT OF FACTS

14. Defendants deny the allegations contained in paragraph 30 of the Complaint.

15. Defendants admit the allegations contained in paragraph 31 of the Complaint.

16. Defendants deny the allegations contained in paragraph 32 of the Complaint.

17. Defendants admit the allegation contained in paragraph 33 of the Complaint.

18. Defendants deny the allegations contained in paragraphs 34, 35, and 36 of the Complaint.

19. Defendants deny the allegations contained in paragraph 36, except admit that the opening time was 7:30 am, only.

20. Defendants deny the allegations contained in paragraphs 37, 38, 39, 40, 41, 42, and 43 of the Complaint.

21. Defendants admi the allegations contained in paragraphs 44 and 45 of the Complaint.

22. Defendants deny the allegations contained in paragraphs 46, 47, 48, 49, 50, 51, 52, 53, and 54 of the Complaint.

23.

### FIRST CAUSE OF ACTION

24. The allegations contained in paragraph 55 of the Complaint are such that no response is required of the Defendants.

25. Defendants deny the allegations contained in paragraphs 56, 57, 58, 59, 60, 61, and 62 of the Complaint.

26. Defendants deny the allegations contained in paragraphs 82, 83, 84, and 85 of the Complaint.

### SECOND CAUSE OF ACTION

27. The allegations contained in paragraph 63 of the Complaint are such that no response is required of the Defendants.

28. Defendants deny the allegations contained in paragraphs 64, 65, 66, 67, and 68 of the Complaint.

### THIRD CAUSE OF ACTION

29. The allegations contained in paragraph 69 of the Complaint are such that no response is required of the Defendants.

30. Defendants deny the allegations contained in paragraphs 70, 71, 72, 73, and 74 of the Complaint.

### FOURTH CAUSE OF ACTION

31. The allegations contained in paragraph 75 of the Complaint are such that no response is required of the Defendants.

32. Defendants deny the allegations contained in paragraphs 76, 77, 78, and 79 of the Complaint.

### FIFTH CAUSE OF ACTION

33. The allegations contained in paragraph 80 of the Complaint are such that no response is required of the Defendants.

34. Defendants deny the allegations contained in paragraphs 81, 82, 83, and 84 of the Complaint.

## SIXTH CAUSE OF ACTION

35. The allegations contained in paragraph 85 of the Complaint are such that no response is required of the Defendants.

36. Defendants deny the allegations contained in paragraphs 86, 87, 88, 89, and 90 of the Complaint.

## DEMAND FOR A JURY TRIAL

37. Defendants, pursuant to the FRCP, Defendants demand a trial by jury on all claims in this action.

## AFFIRMATIVE DEFENSES

38. Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses and reserve the right to amend and add further defenses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. Plaintiffs fail to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. Plaintiffs' Complaint should be dismissed, in whole or in part, to the extent it is barred by the applicable statute of limitations or the failure to exhaust administrative remedies.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. Plaintiffs' claims are barred or should be reduced, in whole or in part, due to Plaintiffs' failure to use such means as are reasonable under the circumstances to avoid or minimize the

damages that they allege, mitigate the alleged damages, or avail themselves of preventative or remedial measures.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. Plaintiffs' claims may be barred to the extent the Plaintiffs knowingly and intentionally did not complain of any alleged wage and hour violations to Defendants in bad faith to purposefully precipitate a claim.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claim for damages are barred or limited by Defendants' good faith efforts to comply with applicable law under the Portal-to-Portal Act, and Plaintiff's Complaint cannot establish willful violation of the FLSA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

44. To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

45. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law.

## AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred, in whole or in part, under the doctrine of waiver.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

47. Plaintiffs' claims, or the claims of the proposed class or collective, are barred, in whole or in part, under the doctrine of payment as Defendants have already tendered some or all of the payments claimed to be owed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claims are barred, in whole or in part, under the Doctrine of Avoidable Consequences or Ellerth/Faragher Defense.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims, or the claims of the proposed class or collective, are in whole or in part *de minimis*.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

50. To the extent that a Jury finds any liability, such liability is offset to Individual Defendants by other defendants not yet named in this lawsuit.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

51. Plaintiffs' claims are barred, in whole or in part, under the doctrine of laches.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

52. Plaintiffs' claims are barred, in whole or in part, under the doctrine of estoppel.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

53. Plaintiffs' claims are barred, in whole or in part, under the doctrine of ratification.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

54. Plaintiffs' claims are barred, in whole or in part, under the doctrine of acquiescence.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

55. Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Judgment be granted in favor of Defendants, dismissing the Complaint with Prejudice, awarding costs and fees to Defendants, and for such other and further relief as the Court may deem just and proper.

Dated:  Great Neck, New York
  July 26, 2022

                                                        HAMRA LAW GROUP, P.C.

*Kevin S. Johnson*

By:     Kevin S. Johnson, Esq.
*Attorneys for Defendants*
1 Linden Place, Suite 207
Great Neck, NY 11021
(646) 590 – 0571
kjohnson@hamralawgroup.com