UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

| | | |
|---|---|---|
| NAI HE LI, | : | **SECOND AMENDED COMPLAINT** |
| *Plaintiff*, | : | |
| | : | **JURY TRIAL REQUESTED** |
| -against- | : | |
| | : | |
| MOON MODE DESIGN FASHION, INC., CHIU PIN LOW, BAO ZHI CHEN, and XIU YUE ZHANG, | : | 22-CV-00793 (HG) (SJB) |
| *Defendants*. | : | |

---------------------------------X

Plaintiff NAI HE LI ("Plaintiff"), by his undersigned counsel, Margaret McIntyre, Attorney at Law, and Nettle Law, as and for his Complaint against Defendants MOON MODE DESIGN FASHION, INC. ("Moon Mode," "the Company"), CHIU PIN LOW, BAO ZHI CHEN, and XIU YUE ZHANG, (collectively "Defendants"), alleges upon personal knowledge as to some, and information and belief as to the rest, as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action under federal and state labor laws to recover his unpaid wages and to obtain his lawful minimum wages, including overtime wages. Plaintiff further seeks liquidated and other damages, interest, attorneys' fees, and the costs of this action.

2.  Plaintiff was Defendants' employee at a garment factory located at 33-01 Queens Boulevard in Long Island City from June 15, 2018, through November 14, 2020.

3.  Throughout the course of his employment, Plaintiff's wages fell below the legal minimum wage as required by federal and state law. For the majority of his employment with Defendants, Plaintiff worked, on average, over 70 hours per week, and was not paid overtime.

1

4. Plaintiff was never given a break.

5. On or around mid-to-late May 2020, Defendants received a contract for large orders of PPE-related garments.

6. Based on the complexity of the garment, Defendants paid Plaintiff a piece rate ranging from $ .23 to $ .40 per piece for the PPE-related garments.

7. On or around October 2020, Defendants received a new order for even more complex PPE-related garments. Plaintiff worked on this large order, and understood that he would be paid a rate of at least $ .40 per piece.

8. After working for five (5) weeks without pay, Plaintiff asked about his pay, and was told that he would only be paid $ .15 per piece on the complex PPE-related garments, an amount that fell way below the legal minimums for regular time and overtime. Plaintiff objected that he should be paid $ .40 per piece.

9. A week later, and without payment for the work completed, Defendants told Plaintiff that he would be paid no more than $ .15 per piece, and when Plaintiff objected, Defendants let him go.

10. At the time that Defendants terminated Plaintiff's employment, Plaintiff was owed six (6) weeks of pay, in addition to other unpaid wages.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 216 and 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367 because those claims arise out of the same common nucleus of operative facts and are parts of the same case or controversy as Plaintiff's federal claims.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## STATUTE OF LIMITATIONS

14. Under the New York Labor Law ("NYLL"), the period during which Plaintiff may claim damages under Article 6: Payment of Wages is six years. N.Y. Lab. Law §§ 198(3), 663(3). The period during which Plaintiff may bring his claim of retaliation pursuant to N.Y. Lab. Law § 215 is two years. N.Y. Lab. Law § 215(2)(a).

15. On April 2, 2021, Plaintiff filed a claim with the New York State Department of Labor against the Defendants regarding alleging violations of the NYLL.

16. Pursuant to N.Y. Lab. Law § 198(3), the statute of limitations of Plaintiff's NYLL claims were tolled as of April 2, 2021.

17. Under the FLSA, the period during which Plaintiff my claim damages for a willful violation, including retaliation under FLSA § 215(a)(3) is three years. 29 U.S.C. § 255(a).

## PARTIES

### Plaintiff

18. Plaintiff is an adult individual who currently resides in Brooklyn, New York.

19. Plaintiff primarily speaks and understands Fuzhounese, a Chinese dialect.

20. Plaintiff was hired and employed by the Company as a garment finisher.

21. At all times relevant to this action, Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA and the NYLL.

22. The FLSA applies to employees who are subject to either individual coverage or enterprise coverage. 29 U.S.C. §§ 206(a), 207(a).

23. At all times relevant to this action, Plaintiff was engaged in commerce in that he produced goods that were sold and were moved in interstate commerce. *Id.*; 29 C.F.R. §§ 776.15(b), 776.20(b)-(c).

**Defendants**

24. Defendant Moon Mode is the corporate owner of the garment factory at 33-01 Queens Boulevard in Long Island City, in the county of Queens, New York. Department of State records indicate that Defendant Moon Mode was incorporated on or around November 30, 2016.

25. Defendant Chiu Pin Low was, on information and belief, the primary person responsible for operations of the defendant Company. "Ah Ping" was a nickname employees used to communicate with Chiu Pin Low. Chiu Pin Low had the power to hire and fire personnel, including Plaintiff, control the terms and conditions of employment, determine the rate and method of any compensation provided to employees, including Plaintiff's, and maintain employment and production records.

26. Defendant Bao Zhi Chen was, on information and belief, an officer of Defendant Company. "Xiao De" was a nickname employees used to communicate with Bao Zhi Chen. Bao Zhi Chen had the power to hire and fire personnel, including Plaintiff, control the terms and conditions of employment, determine the rate and method of any compensation provided to employees, including Plaintiff's, and maintain employment and production records.

27. Defendant Xiu Yue Zhang was, on information and belief, second in charge of operations for the defendant Company. "Ah Yue" was a nickname employees used to communicate with Xiu Yue Zhang. Xiu Yue Zhang had the power to hire and fire personnel,

4

including Plaintiff, control the terms and conditions of employment, determine the rate and method of any compensation provided to employees, including Plaintiff's, and maintain employment and production records.

28. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL. 29 U.S.C. § 203(d); N.Y. Lab. Law §§ 2(6); 190(3); 651(6).

29. Upon information and belief, the defendant Company was an entity engaged in interstate commerce by producing garments sold and transported in interstate commerce for brands including "Top Fashion," "OMT," "9th Apparel," "Miss Wear," "State Line" and "Dial Apparel."

## STATEMENT OF FACTS

30. On or around June 15, 2018, Plaintiff met with Defendant Xiu Yue Zhang, and the next day, Defendants Chiu Pin Low and Xiu Yue Zhang interviewed Plaintiff. After the interview, Plaintiff began working for Defendants.

31. Plaintiff was hired to finish garments that included hanging garment and price tags on garments, cutting loose thread, and packaging the garments in plastic or in a box.

32. At hire, Defendant Chiu Pin Low stated that Plaintiff would be paid by the piece. The piece rate was based on the complexity of the garment, ranging from $ .08 to $ .15.

33. Defendants assigned various people to regularly partner with Plaintiff, except for the weeks that he worked alone.

34. Defendants kept logs of the number of garments Plaintiff and his team partner finished and used those logs to calculate how much to pay Plaintiff and his partner, except for the weeks he worked alone.

5

35. The quantity of garments that Plaintiff finished weekly would often be in the thousands.

36. The factory where Plaintiff worked opened at 7:30 a.m. daily. Plaintiff would arrive at approximately 8:00 a.m. and would begin working at 8:30 a.m.

37. For approximately 25% of the time Plaintiff worked for Defendants, he worked seven (7) days a week, from 8:30 a.m. to 8:30 p.m., without a break, for a total of 40 hours regular time and 44 hours overtime.

38. For approximately 60% of the time Plaintiff worked for Defendants, he worked six (6) days a week, from 8:30 a.m. to 8:30 p.m., without a break, for a total of 40 hours regular time and 32 hours overtime.

39. For approximately 15% of the time Plaintiff worked for Defendants, he worked five (5) days a week, from 8:30 a.m. to 4:00 p.m., without a break, for a total of 37.5 hours regular time.

40. During the time that he worked for Defendants, Plaintiff estimates that he worked, on average, 73.2 hours per week.

41. Because Plaintiff was paid by the piece, his pay varied, but he was almost never paid over minimum wage and was never compensated for overtime.

42. Defendants always paid Plaintiff in cash and never provided wage statements or wage notices.

43. At no time did Defendants pay Plaintiff for spread-of-hours.

44. Between late March 2020 to mid-May 2020, Defendant Company shut down operations due to the COVID-19 pandemic.

45. On or around mid-to-late May 2020, soon after resuming operations, Defendant Company received a contract to produce large orders of PPE-related garments.

46. Based on the complexity of the PPE-garments, Defendants paid Plaintiff a piece rate ranging from $ .23 to $ .40 for finishing the PPE-related garments.

47. On or around October 2020, Defendants received a new order for even more complex PPE-related garments. Defendant Xiu Yue Zhang agreed with Plaintiff that the garments were more complicated than the ones for which Plaintiff had been paid to finish at a rate of $ .40 per piece. Plaintiff understood this to mean he would receive a minimum of $ .40 per piece to finish the newer, more complex PPE-related garments, as previously agreed.

48. When Plaintiff's work commenced work on the new order, his hours increased to 87.5 hours per week.

49. After over five (5) weeks of work on the PPE-related garments and not receiving payment, Plaintiff asked about his pay.

50. Defendants informed Plaintiff that he would only be paid $ .15 per piece, instead of $ .40, for all his work on the newer, more complex PPE-related garments.

51. Plaintiff demanded to be paid for his work on the newer garments at a rate of $ .40, the amount previously agreed upon for complex PPE-related garments, and Defendants refused.

52. Plaintiff continued to work for another week, while awaiting response on his complaint.

53. On November 14, 2020, Defendants informed Plaintiff that he would be paid $ .15 per piece, and when Plaintiff again demanded $ .40 per piece, Defendants refused and terminated Plaintiff's job with the company.

54. At the time of termination, Defendants owed Plaintiff for six (6) full weeks of work, in addition to other unpaid wages.

**FIRST CAUSE OF ACTION**
(Fair Labor Standards Act – Unpaid Minimum Wages)

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

56. Defendants were required under 29 U.S.C. §206(f) to pay Plaintiff at the applicable federal minimum wage rate of $7.25 per hour for all hours worked.

57. Defendants willfully and intentionally failed to compensate Plaintiff the applicable minimum hourly wage in violation of 29 U.S.C. §§ 201 *et seq*.

58. Defendants were aware or should have been aware that the failure to pay the minimum wage as described in this Complaint was unlawful.

59. Defendants did not make a good faith effort to comply with the FLSA with respect to his compensation of Plaintiff.

60. Defendants also violated the FLSA by failing to properly keep records as required by statute, 29 U.S.C. § 211(c).

61. As Defendants' violations of the FLSA was willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

62. For their willful underpayment of wages, Defendants are liable to Plaintiff, jointly and severally, for unpaid minimum wage compensation in an amount to be determined at trial, and Plaintiff is entitled to recovery of such amounts, together with liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. §§ 201 *et seq*.

## SECOND CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Overtime)

63. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

64. Defendants willfully failed to pay Plaintiff overtime at a rate of at least one-and-a-half times his regular hourly rate for every hour Plaintiff worked above forty (40) hours in a work week.

65. Defendants' failure to pay Plaintiff his overtime premium violates the Fair Labor Standards Act, 29 U.S.C. § 207 and its implementing regulations.

66. Defendants also violated the FLSA by failing to properly keep records as required by statute, 29 U.S.C. § 211(c).

67. As a consequence of Defendants' unlawful actions and omissions, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages, plus an additional equal amount in liquidated damages, in accordance with 29 U.S.C. § 216(b).

68. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest, pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
(New York Labor Law – Unpaid Minimum Wages)

69. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

70. At all relevant times, Plaintiff was covered by the NYLL and supporting New York State Department of Labor Regulations.

71. Defendants were required to pay Plaintiff at the applicable New York State minimum wage rate for all hours worked.

9

72. Under N.Y. Lab. Law § 652 and corresponding New York State Department of Labor Regulations, including, but not limited, to 12 N.Y.C.R.R.§ 142-2.1., Defendants were required to pay Plaintiff at an hourly rate of at least: (1) $13.00 for all hours worked from June 15, 2018, through December 30, 2018, and (2) $15.00 for all hours worked from December 31, 2018, through November 14, 2020.

73. Defendants willfully failed to pay Plaintiff his minimum hourly wages in violation of the N.Y. Lab. Law Article 19, §§ 650 *et seq.*, and corresponding New York State Department of Labor Regulations.

74. For Defendants' willful underpayment of wages, Defendants are liable to Plaintiff, jointly and severally, for unpaid minimum wage compensation in an amount to be determined at trial. Plaintiff is entitled to recovery of such amount, together with liquidated damages, pre-and post-judgment interest, reasonable attorney's fees, and the costs of this action, pursuant to the N.Y. Lab. Law § 663.

**FOURTH CAUSE OF ACTION**
(New York Labor Law – Unpaid Overtime)

75. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

76. Defendants willfully failed to pay Plaintiff overtime at a rate of at least one-and-a-half times his regularly hourly rate for every hour he worked above forty (40) hours in a single work week during the time he worked for Defendants.

77. Defendants' failure to pay the required wages as set forth above was willful within the meaning of N.Y. Lab. Law §§ 198 and 663.

78. As a consequence of the Defendants' unlawful actions and omissions, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages mandated by NYLL,

plus an additional equal amount as liquidated damages, in accordance with N.Y. Lab. Law §§ 198 and 663.

79. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

## FIFTH CAUSE OF ACTION
(New York Labor Law – Spread of Hours)

80. Plaintiff realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

81. Plaintiff regularly worked days in which the end of his work shift was more than ten (10) hours from the beginning of his work shift.

82. Defendants never paid Plaintiff an additional hour of pay at the minimum wage rate for every day in which the interval between the beginning and the end of Plaintiff's workday was more than ten (10) hours in violation of the NYLL. 12 N.Y.C.R.R. § 142-2.4.

83. As a consequence of the Defendants' unlawful actions and omissions, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid spread-of-hours pay as mandated by NYLL, plus an additional equal amount as liquidated damages, in accordance with N.Y. Lab. Law §§ 198 and 663.

84. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

## SIXTH CAUSE OF ACTION
(New York Labor Law – Wage Notice and Wage Statement Violations)

85. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

11

86. Defendants failed to provide Plaintiff, at the time of his hiring or thereafter, accurate wage notices in his primary language containing his rates of pay and other information as required by N.Y. Lab. Law § 195(1).

87. Defendants also failed to provide Plaintiff with accurate wage statements with every payment of wages which provided all the information required under N.Y. Lab. Law § 195(3).

88. For Defendants' violation of N.Y. Lab. Law § 195(1), Plaintiff is entitled to $50 for each workday in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to NYLL §198(1-b).

89. For Defendants' violation of N.Y. Lab. Law § 195(3), Plaintiff is entitled to $250 for each workday in which this violation continued to occur, in an amount not to exceed $5,000, pursuant to N.Y. Lab. Law § 198(1-d).

90. Plaintiff also seeks, and is entitled to, attorneys' fees incurred by his counsel, costs of Court, and interest.

## DEMAND FOR JURY TRIAL

91. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be granted:

A. Awarding Plaintiff unpaid minimum wage, spread of hours and overtime wages due under the FLSA and the NYLL and its regulations;

B. Awarding Plaintiff damages for Defendants' failure to provide pay stubs as required by the NYLL;

C. Awarding Plaintiff damages for Defendants' failure to provide a notice upon hire as required by the NYLL;

D. Awarding Plaintiff liquidated damages;

E. Awarding Plaintiff compensatory damages for his retaliatory termination;

F. Awarding Plaintiff punitive damages for his retaliatory termination;

G. Awarding Plaintiff prejudgment and post-judgment interest;

H. Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

I. Awarding such other and further relief as this Court deems necessary and proper.

Dated: March 6, 2023
New York, New York

        Respectfully submitted,

        /s/ *Margaret McIntyre*
        Margaret McIntyre, Attorney at Law
        195 Montague Street, 14th Floor
        Brooklyn, New York 11201
        (212) 227-9987

        Brian 'Geno' Nettle, Attorney at Law
        Nettle Law
        114 Stanton Street, #5
        New York, NY 10002
        (646) 992-9213

        *Attorneys for Plaintiff*