# HAMRA LAW GROUP, PC.

Long Island Office: 1 Linden Place, Suite 207, Great Neck, NY 11021

Web: Www.Hamralawgroup.Com

Deborah R. Kick, Esq.  T: 646.590.0571
DKick@Hamralawgroup.Com

June 7, 2023

**VIA ECF**
ATTN: Honorable Hector Gonzalez
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    **Nai He Li v. Moon Mode Design Fashion, Inc. et al.**
C.A. No.:    1:22-cv-00793-HG-SJB

**PREMOTION LETTER RE: SUMMARY JUDGEMENT MOTION BY DEFENDANTS MOON MODE FASHION DESIGN, INC. AND CHIU PIN LOW**

Dear Judge Gonzalez:

This office represents Defendants Moon Mode Fashion Design, Inc. and Chiu Pin Low in the above referenced action under the FLSA and NYLL for overtime and other wage violations. As such, below is a summation of the requested motions to be filed on behalf of represented Defendants. Defendants Bao Zhi Chen and Xiu Yue Zhang remain unrepresented.

**I.    Summary of Facts**

Defendant Moon Mode Design Fashion, Inc. was a small business enterprise with less than nine (9) employees that went out of business sometime in 2021. Moon Mode did not make a profit, and its sales were well below the $500,000 threshold for enterprise coverage under the FLSA. Moreover, its enitre operation, inclusive of but not limited to manufacturing and sales, is entirely based in the State of New York. Moon Mode does not hande goods among "the several States or between any State and any place outside thereof." See 29 C.F.R. §§ 779.103, 104 as required for individual coverage under the FLSA.

Plaintiff NAI HE LI filed this action alleging that Defendants violated the FLSA and various other New York Labor Law ("NYLL") statutes. However, the plaintiff's choice to litigate this case in a federal forum is improper and misguided due to the Defendants' business operation. Defendants Moon Mode Design Fashion, Inc. and Chiu Pin Low intend to file for summary judgment under two prongs: that the business and thus themselves could not have qualified as a covered entity under the FLSA, and because the entity is not a covered entity under the FLSA, the Court does not have supplemental jurisdiction over Plaintiff's claims under NYLL. From the document discovery and deposition testimony, coverage does not exist as a matter of law either under the enterprise or individual coverage under the FLSA and NYLL.

To force a small enterprise to defend itself at trial under the enterprise or individual coverage thresholds of the FLSA and NYLL, when the jurisdictional threshold is not met under either individual or enterprise coverage, would be a waste of this Court's resources. From the

HAMRA LAW GROUP, PC.
LONG ISLAND OFFICE: 1 LINDEN PLACE, SUITE 207, GREAT NECK, NY 11021

WEB: WWW.HAMRALAWGROUP.COM

DEBORAH R. KICK, ESQ.                                                                                                T: 646.590.0571
DKICK@HAMRALAWGROUP.COM

document discovery and deposition testimony, coverage does not exist as a matter of law either under the enterprise or individual coverage under the FLSA and NYLL. It is patent that based on tax records and sworn testimony, the Plaintiff cannot breach the necessary jurisidctional thresholds.

If the Defendants Moon Mode Design Fashion, Inc., and Chiu Pin Low were found by this Court to not meet the jurisdictional thresholds following motion practice, the case must be dismissed due to lack of individual coverage for Plaintiff. Significantly, the matter would be remanded to state court, where the Plaintiff could still fully litigate his claim.

Therefore, permitting summary judgment motion practice would not deprive the Plaintiff of an opportunity to litigate his claims, while concurrently ensuring the precise, crucial legal and factual questions are heard by an impartial body.

II.     **Legal Standard**

A.  **Enterprise Coverage**

As part of the Plaintiff's burden of proof to emerge victorious at trial, Plaintiff needs to succeed on a theory of enterprise liability and prove the $500,000 threshold. Specifically, NAI HE LI needs to prove that he is the employee of an "enterprise engaged in commerce or in the production of goods for commerce," and to do so, Plaintiff must establish that his employer is an "enterprise," which is defined as follows:

> [The entity] has employees engaged in commerce or in the production of goods for commerce, or … employees handling, , selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (ii) "whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately added.

See 29 U.S.C. § 203(s)(1)(A)(ii) (2023); see also Archie v. Grand Cent. P'ship, Inc., 997 F. Supp. 504, 528 (SDNY 1998) (internal quotation marks omitted) (explaining the "requirement that the enterprise be engaged in commerce or in the production of goods for commerce").

Upon satisfying the second prong by showing that the enterprise does the "requisite dollar volume of business," i.e., $500,000 every year, the plaintiff is "virtually" guaranteed to satisfy the first prong, which, unlike the requirement for individual coverage, does not demand that he "himself...be involved in an activity which affects interstate commerce." See *Archie*, 997 F. Supp. At 528, 530 (quotations omitted). See Balderas v Barmadon Mgt. LLC, 2019 WL 1258921 at *3 (SDNY Mar. 19, 2019). Defendants produced to the Plaintiff the relevant records, inclusive of tax records, which show that the Defendants do not in fact make the $500,000 threshold for enterprise coverage. Moreover, Defendant Moon Mode's business model is heavily dependent on the sale of mass quantities of pieces in bulk, lowering margins and profits.

HAMRA LAW GROUP, PC.
LONG ISLAND OFFICE: 1 Linden Place, Suite 207, Great Neck, NY 11021

WEB: WWW.HAMRALAWGROUP.COM

DEBORAH R. KICK, ESQ.                                                                                                T: 646.590.0571
DKICK@HAMRALAWGROUP.COM

### B. Individual Coverage

To establish individual coverage, the Plaintiff must demonstrate that the employee "is engaged in commerce *or* in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce." See 29 U.S.C. §§ 206, 07 (emphasis added); see also Jacobs v. New York Foundling Hosp., 577 F.3d 93, 96 (2d Cir. 2009) (citing Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 295 n.8 (1985)). "Employees are 'engaged in commerce' within the meaning of [FLSA] when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles) among the several States or between any State and any place outside thereof." See 29 C.F.R. § 779.103 (2023). Similarly, engagement in the "production of goods for commerce" requires that those goods are "intended for shipment out of the State, directly or indirectly." See id at § 779.104; see also Xelo v. Mavros, 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005) ("The dispositive test for FLSA coverage asks whether a plaintiff was an employee in the channels of interstate commerce, as distinguished from [one] who merely affected that commerce. So, handlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not." (citing McCleod v. Threlkeld, 319 U.S. 491, 494 (1943); see also Aquino v El Gran Valle II Corp., 2017 Wage & Hour Cas 2d (BNA) 404302 (SDNY Nov. 9, 2017). Here, Defendants provide a service solely within the confines of the State of New York. Their services are entirely local in nature.

### CONCLUSION

Therefore, Defendants intend to file the aforesaid summary judgment motions, in a single motion, for dismissal of claims against both Defendant Moon Mode Design Fashion, Inc. and Chiu Pin Low.

Thank you for your courtesies in this matter.

Sincerely,

/s/ *Deborah R. Kick*
**DEBORAH R. KICK, ESQ.**
*Attorneys for Defendants*
**MOON MODE FASHION, INC.**
**CHIU PIN LOW**
1 Linden Plaza Suite 207
Great Neck, New York 11201

CC: Margaret McIntyre, Esq.
Brian "Geno" Nettle, Esq.
*Attorneys for Plaintiff*