

# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, SUITE 207, GREAT NECK, NEW YORK 11021
WEB: WWW.HAMRALAWGROUP.COM

DEBORAH R. KICK, ESQ.                                                                                          646-590-0571
DKICK@HAMRALAWGROUP.COM

July 11, 2023

**VIA ECF**
**ATTN:** Hector Gonzalez, U.S.D.J.
225 Cadman Plaza East, Courtroom 6A South
Brooklyn, New York 11201
**CC:** Pierre Neptune, Courtroom Deputy

**Re:** **Nai He Li v. Moon Mode Design Fashion, Inc. et al.**
**C.A. No.:** **1:22-cv-00793-HG-SJB**

**MOTION FOR EXTENSION OF TIME TO FILE ANSWER ON BEHALF OF XIU YUE ZHENG AND VACATE CERTIFICATE OF DEFAULT ENTERED AGAINST MS. ZHENG**

To the Honorable Hector Gonzalez:

      This office represents Defendants Moon Mode Fashion Design, Inc., and Chiu Pin Low in this action, and now wishes to represent Defendant Xiu Yue Zheng, who was added as a Defendant on or about April 4, 2023. See Dkt. No. 43. This letter motion is in response to Plaintiff NAI HE LI's Request for Certificate of Default dated April 14, 2023 (Dkt. No. 44), and the Court Clerk's Entry of Default pursuant to the Plaintiff's Request for Certificate of Default. See Dkts. No. 43 and 44. The undersigned, pursuant to Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993), as well as supporting cases, respectfully requests that this Honorable Court vacate the Clerk's Entry of Default against Defendant Xiu Yue Zhang, and further respectfully request permission to file a late answer on behalf of Defendant Zhang. Defendant Zhang is not an employee of the other Defendants and was not in control of Defendant Moon Mode Design Fashion, Inc.'s business practices.

      First and foremost, counsel must apologize to the Court for the failure to file a timely Notice of Appearance, and thereafter a timely Answer for Defendant Zhang. In preparing to represent Defendant Zhang, the undersigned experienced communication and language barrier difficulties with Ms. Zhang, which resulted in a delay in completing a Second Amended Answer. However, the movant has since completed a Second Amended Answer, inclusive of defenses for Defendant Zhang that she is not involved in and has no control over Defendant Moon Mode Design Fashion, Inc.'s business practices. The Second Amended Answer is included with this motion letter as **Exhibit "A."**

      As the Court is aware, the Second Circuit routinely stated and reinforced a judicial preference for resolving an action on the merits and thus "circumscribed [the] scope" of the discretion for the entry of default judgments. See Enron Oil Corp v. Diakuhura, 10 F.3d 90, 95 (2d Cir. 1993) (citing Traguth v. Zuck, 710 F.2d 90, 94 (2d Cir. 1982)).

      At the outset, the current delay in filing the Second Amended Answer is evidence of



# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, SUITE 207, GREAT NECK, NEW YORK 11021
WEB: WWW.HAMRALAWGROUP.COM

DEBORAH R. KICK, ESQ.  646-590-0571
DKICK@HAMRALAWGROUP.COM

and support for a finding that Defendants were not willful whereas here, the failure to file was one of law office failures. See Davis v. Musler, 713 F.2d 907, 915 (2d Cir. 1983) (Court discussing how to determine whether to law office failure was willful); see also American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.2d 57 (2d Cir. 1996). No bad faith can be found in this instance. Willfulness is the factor that "carries the most weight." See De Curtis v. Ferrandina, 529 App'x 85, 86 (2d Cir. 2013).

As to the other factor under Enron, Plaintiff cannot claim any prejudice, or such claims would be asserted without merit. Pursuant to the joint motion letter filed by all parties on June 28, 2023 (Dkt. No. 54) and the Court's June 29, 2023, Order granting that motion (Dkt. No. 54), the parties' time to complete discovery is extended from June 30, 2023, to August 30, 2023, and the deadline to take the first step in dispositive motion practice is extended from July 29, 2023, to September 29, 2023. See Dkt. No. 54. The parties are provided ample time by this Honorable Court to complete any remaining discovery exchange and the depositions of the defendants. Thus, delay cannot plausibly be deemed prejudicial. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) ([D]elay alone is not a sufficient basis for establishing prejudice.")

If the Plaintiffs accept the late Answer, the short delay here present should not be deemed prejudicial. "A party is prejudiced when its 'ability to proceed [with its] case is impaired.'" See Am. Empire Surplus Lines Ins. Co. v. Concord Restoration, Inc., 2021 WL 7830142 (EDNY July 28, 2021) (internal citations omitted). The time allowed for this Honorable Court to consider the Defendants' request and Second Amended Answer will not hinder the discovery processes so greatly as to amount to prejudice.

In the time since the Defendants filed their first Answer, the parties conferred amongst themselves on the deposition of both the corporate defendant, Moon Mode Design Fashion, Inc., and the individual defendant, Chiu Pin Low, inclusive of Plaintiff's 30(b)(6) notice for the same. To date, discovery exchange overall has been productive. Plaintiff has been deposed. Defendants are ready, willing, and able to have Defendant Zhang appear for a deposition at a time and date convenient for all parties.

Lastly, there exists a meritorious defense in Defendant Zhang's appearance and subsequent Answer: Defendant Zhang was not in any manner involved in Defendant Moon Mode Design Fashion's, Inc.'s business practices. "To satisfy the criterion of a "meritorious defense," the defense need not be ultimately persuasive at this stage. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make."" Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (citing Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc., 856 F.2d 873, 879 (7th Cir.1988)). Defendant Zhang must be afforded the opportunity before this Court to defend herself – i.e., present evidence – against these allegations levied against her by the Plaintiff.

It is respectfully requested that the Court remove the Entry of Default against Defendant Xiu Yue Zhang, and grant Defendants to immediately file its Second Amended Answer on

# HAMRA LAW GROUP, PC.

1 LINDEN PLACE, SUITE 207, GREAT NECK, NEW YORK 11021
WEB: WWW.HAMRALAWGROUP.COM

**DEBORAH R. KICK, ESQ.**
DKICK@HAMRALAWGROUP.COM

646-590-0571

behalf of Defendant Zhang in this action.

Defendant Zhang and her counsel thank the Court and opposing counsel for its time and consideration in this matter.

Sincerely,

/s/ *Deborah R. Kick*
**DEBORAH R. KICK, ESQ.**
**HAMRA LAW GROUP, P.C.**
1 Linden Place, Suite 207
Great Neck, New York 11021

**CC:**
**MARGARET MCINTYRE, ESQ.**
**BRIAN "GENO" NETTLE, ESQ.**
*Attorneys for Plaintiff*
195 Montague Street, 14th Floor
Brooklyn, New York 11201